**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Kenny LUCAS, Defendant–Appellant.**

**No. 06–31173**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 31, 2007.

John Francis Murphy, Assistant U.S. Attorney, U.S. Attorney's Office Eastern District of Louisiana, New Orleans, LA, for Plaintiff–Appellee.

Roma A. Kent, Assistant Federal Public Defender, Federal Public Defender's Office Eastern District of Louisiana, New Orleans, LA, for Defendant–Appellant.

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM: *

 Kenny Lucas appeals the district court's revocation of his supervised release and imposition of a 27–month term of imprisonment. Lucas specifically argues that the district court erred in considering public safety dangers that might arise if Lucas were to use cocaine while at his job as a dumptruck driver in deciding to revoke Lucas's supervised release. While the district court cited such concerns at Lucas's revocation hearing, the court expressly based its revocation of Lucas's supervised release upon Lucas's admitted, repeated possession and use of cocaine. *See* 18 U.S.C. § 3583(g). Accordingly, the district court did not abuse its discretion in revoking Lucas's supervised release and imposing a term of imprisonment. *See United States v. Spraglin,* 418 F.3d 479, 480 (5th Cir.2005). Lucas's 27–month sentence did not exceed the three-year statutory maximum. *See* 18 U.S.C. § 3583(e)(3). His revocation sentence was therefore neither "unreasonable" nor "plainly unreasonable." *See United States v. Hinson,* 429 F.3d 114, 120 (5th Cir.2005), *cert. denied,* 547 U.S. 1083, 126 S.Ct. 1804, 164 L.Ed.2d 540 (2006). Finally, Lucas argues that the district court erred in citing Lucas's need for rehabilitation as a basis for its judgment. Lucas properly concedes that this argument is foreclosed by this court's decision in *United States v. Giddings,* 37 F.3d 1091, 1097 (5th Cir.1994).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.